# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| GINGER CRAVEY, as Administratrix of the Estate of RILEY CRAVEY, Deceased, | Civil Action No.: 2:06-CV-191-WKW-DRB |
| MELANIE CHAMBERS, who sues by and through her Mother and next of friend, GAIL TATUM, | Civil Action No.: 2:06-CV-83-WKW-CSC |
| SHERRI DAVIS, JAMES ALLEN, YANCEY BROOKS, JAMES CARRAWAY, SANDRA COBB, KANDY CREECH, DOROTHY DeVAUGHN, DEBORAH REYNOLDS, and EARLIE MAE THOMAS, | Civil Action No.: 2:06-CV-187-WKW-SRW |
| THOMAS DOUGLAS, as Administrator of the Estate of SEBERA GAYLE DOUGLAS, Deceased, | Civil Action No.: 2:06-CV-188-WKW-SRW |
| STANTON KELLEY, as Administrator of the Estate of WILLENE KELLEY, Deceased, | Civil Action No.: 2:06-CV-190-WKW-VMP |
| JANICE MADDEN, as Administratrix of the Estate of JAMES MADDEN, Deceased, | Civil Action No.: 2:06-CV-186-WKW-CSC |
| LILLIAN EDWARDS, as Administratrix of the Estate of MARVIN MAYS, Deceased, | Civil Action No.: 2:06-CV-86-WKW-CSC |
| RICKEY PHILLIPS, as Administrator of the Estate of SUSAN PHILLIPS, Deceased, | Civil Action No.: 2:06-CV-84-WKW-CSC |
| LORRINE THOMPSON, as Administratrix of the Estate of JERRY THOMPSON, Deceased, | Civil Action No.: 2:06-CV-189-WKW-VMP |
| SARAH K. THOMPSON, as Administratrix of the Estate of ROYCE THOMPSON, Deceased, | Civil Action No.: 2:06-CV-85-WKW-SRW |

|                              |   |
|------------------------------|---|
|        **Plaintiffs,**       | ) |
|                              | ) |
|                              | ) |
| vs.                          | ) |
|                              | ) |
| **PACTIV CORPORATION, et al.,** | ) |
|                              | ) |
|        **Defendants**        | ) |

### AFFIDAVIT OF
### THOMAS M. NOLEN, M.D., F.A.A.F.P.

**STATE OF ALABAMA**       )
                                                  :
**SHELBY COUNTY**          )

**BEFORE ME**, the undersigned, a notary public in and for the State of Alabama, personally appeared Dr. Thomas M. Nolen, who being duly sworn, does aver as follows:

1. "My name is Dr. Thomas M. Nolen and I maintain a permanent medical practice that is located at 247 Walton Street, Columbiana, Alabama. I have been a licensed practicing physician in Alabama since 1974. I hold board certification in Family Practice. I am a Fellow of the American Academy of Family Physicians and a Diplomat of the American Board of Family Practice. I have been engaged in pharmaceutical and medical research and have served as a lecturer on pharmacology. I am well versed in the practical aspects of pharmacology and toxicology, as it is necessary for me to call upon both disciplines for the treatment of patients that I treat in my practice."

2. "In addition to treating patients at my practice, and lecturing, I have been retained on several occasions to serve as a testifying witness for medical malpractice insurance carriers. The combination of my many years of family practice, combined with my extensive research experience in the areas of treatment drugs, has allowed me to be able to diagnose and treat many birth defects and cancers."

3. "I have been retained by the offices of The Colom Law Firm, L.L.C., and Environmental Litigation Group, P.C., to make clinical assessments of the Clients in the above styled case in order to offer an unbiased opinion as to whether a causal link existed between the Clients' exposure to dioxins and the myriad of medical injuries that they now suffer."

4. "As part of my preparation for review of the Plaintiffs' medical records, it was critical for me to have a more complete understanding as to what socio-economic and general living conditions they lived in. In order to gain that perspective, I traveled to the towns of Florala and Lockhart, Alabama, contiguous towns in South Alabama, in which the Clients currently live or resided at some point prior to their deaths. Lockhart is the location of the former Louisiana-Pacific Wood Treatment Facility ('LPWTF')."

5. "While in Florala, I also met with Dr. Sasikumar Vishwanath. Dr. Vishwanath is a treating physician for families in the Lockhart/Florala communities. Dr. Vishwanath shared general clinical observations of the incidences of birth defects, cancers and other illnesses that have occurred and that he has treated throughout his years of practice as a physician in Florala. Dr. Vishwanath also offered compelling theories based on his own knowledge of the conditions in the towns of Lockhart and Florala and the many types of injuries that he has personally treated throughout his years of practice."

6. "I also reviewed an affidavit authored by Dr. Paul Rosenfeld of Soil, Water, and Air Protection Enterprises, Inc., ('SWAPE'). Dr. Rosenfeld's report detailed with exacting completeness his findings acquired through an independent investigation of the LPWTF and neighboring Florala and Lockhart communities. Dr. Rosenfeld sampled the attics of homes and obtained laboratory analysis of blood samples drawn from Plaintiffs and surviving relatives of deceased residents to establish the presence of exposure to industrial pollution. The numbers present in Dr. Rosenfeld's report seem to indicate exposure well above the range considered to be significant contributors to birth defects, cancers and other human health issues."

7. "Furthermore, I reviewed the Agency for Toxic Substances and Disease Registry (ATSDR). *Toxicological Profile for Chlorinated Dibenzo-p-Dioxins*. The U.S. Public Health Services, U.S. Department of Health and Human Services, Atlanta, Georgia published the Registry in 1998. The ATSDR assisted me in confirming a medical link to the illnesses suffered by the Clients with the known dioxins found in the Lockhart/Florala communities as a result of the contamination caused by the LPWTF."

8. "On October 29 and 30, 2005, and again on November 5-6, 9, 12, 13, and 18, 2005, I reviewed medical records relating to the Plaintiffs who have filed civil actions in this cause. The records that I reviewed which relate to the Plaintiffs in this case and the other filed

cases included death certificates, hospital records, treating physician records, and records from various specialists. The records are a clear indication of the injuries suffered."

9. "With the report of Dr. Rosenfeld, the review of the medical records of the Plaintiffs, my personal visit to Florala/Lockhart to assess living conditions, my interviews and discussions with Dr. Vishwanath and the ATSDR are taken as a whole, it is m opinion based upon a reasonable degree of medical certainty, that the injuries suffered by the Plaintiffs can be directly attributable to the exposure to dioxins and potentially other toxicants originating from the LPWTF located in Florala."

10. "Although it was clear to me, as a physician who had reviewed the results of tests for exposure to toxic chemicals, that the cause of Plaintiffs' diseases was related to exposure to hazardous substances released into the environment from the LPWTF; there was nothing in the records or reason for the Plaintiffs to have known the cause of their disease. The Plaintiffs' medical records which existed prior to community testing, did not contain any test results for dioxin/furans, arsenic, PAH's or other toxic chemicals. Physicians treating patients with cancer generally do not test for exposure to toxic chemicals or research the cause of the patient's disease, although they may be qualified to do so. There was nothing in the Plaintiffs' medical records or apparent to them, based on a review of their medical records, that would have cased Plaintiffs to know the connection between their diseases and the exposure to hazardous substances unknown to them."

**FURTHER THE AFFIANT SAYETH NOT.**

_____
Thomas M. Nolen, M.D, F.A.A.F.P.

**SWORN TO AND SUBSCRIBED** before me, the undersigned authority, by Dr. Thomas M. Nolen, on this __21__ day of April, 2006.

_____
Notary Public
My Commission Expires: __9-13 08__