**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| RICKEY PHILLIPS, as Administrator of the Estate of SUSAN PHILLIPS, deceased,<br><br>            Plaintiff,<br><br>v.<br><br>PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,<br><br>            Defendants. | Civil Action No.<br>2:06-CV-00084-WKW |

**LOUISIANA-PACIFIC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

Plaintiff's First Amended Complaint ("Complaint") fails to state a single *prima facie* claim for the reasons set forth in Defendant Louisiana-Pacific Corporation's "Memorandum of Law in Support of Its Motion to Dismiss Counts One, Three, Five, Six, Seven, Eight, and Nine Or, in the Alternative, For More Definite Statement" (Mem. Supp.).  Instead of addressing the Complaint's deficiencies, however, Plaintiff's Opposition (Pl. Opp.) attempts to muddy the water with new factual allegations, improperly-presented exhibits, and assertions about the merits of Plaintiff's claims.  Most of Plaintiff's Opposition is completely irrelevant to the issues raised by Louisiana-Pacific's Motion to Dismiss; the remainder cannot salvage Plaintiff's Complaint.

    **I.**    **Plaintiff's New Allegations and Affidavits Must Be Ignored.**

In considering a motion to dismiss, this Court cannot look beyond the four corners of Plaintiff's Complaint. *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).  It is "axiomatic that a plaintiff cannot amend a complaint by arguments… made

in opposition to a motion to dismiss." *Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1321 (M.D. Ala. 2004)(citing *Car Carriers, Inc. v. Ford Motor Co.*, 7455 F.2d 1101, 1107 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985)).  Thus, for purposes of the instant motion, this Court must disregard the new allegations and extraneous affidavits included in Plaintiff's Opposition.

> II.   **Alabama's Statutes of Limitation Bar Counts One, Three, Six, Seven, Eight, and Nine Against This Defendant.**

The statute of limitations applicable to Counts One, Three, Six, Seven, and Eight is two-years. Ala. Code § 6-2-38(l).  Plaintiff's Opposition does not contest the fact that Louisiana-Pacific ceased all operations at the Facility no later that 1999. *See* Mem. Supp., Ex. A.  Thus, the Alabama statute of limitations bars these six counts.

Plaintiff attempts to save these time-barred claims by arguing that (i) passive migration of chemicals from the Facility constitutes a "continuing tort;" and (ii) Section 309 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") (42. U.S.C. § 9658(a)) preempts the accrual date for Alabama's statutes of limitation even though Plaintiff does not (and cannot) assert any CERCLA claims in this case.  Plaintiff is wrong on both counts.

> A.   **Passive Chemical Migration is Not a "Continuous Tort" Under Alabama Law.**

Plaintiff's contention that passive chemical migration constitutes a "continuing tort" flies in the face of well-established Alabama law.  Plaintiff cannot seriously dispute that "Alabama law does not recognize a continuing tort in instances where there has been a single act followed by multiple consequences." *Payton v. Monsanto Co.*, 801 So. 2d 829, 835 & n. 2 (Ala. 2001).  Merely asserting ongoing injury is not enough to establish a

continuous tort. Instead, "[t]he tortious conduct itself must be repeated." *Haynie v. Howmedia Osteonics Corp.*, 137 F. Supp. 2d 1292, 1294-95 (S.D. Ala. 2000).

In a case very similar to this one, the Southern District recently confirmed that passive chemical migration after facility operations cease is <u>not</u> a continuous tort under Alabama law. *LaBauve v. Olin Corp.*, 2005 U.S. Dist. LEXIS 284440, at *70 -71 (S.D. Ala. 2005). In *LaBauve,* the Court specifically held that "contamination that predates the limitations period, or the migration of such 'old' contamination from one location to another, does not constitute a continuous tort, as a matter of law." *Id.* Where there are no "repeated acts," there can be no continuing tort "which would extend the statutory limitations period." *Moon v. Harco Drugs, Inc.*, 435 So.2 d 218, 222 (Ala. 1983).

In this case, it is clear that Louisiana-Pacific ceased all Facility operations no later than 1999. *See* Mem. Supp., Ex. A. Even taking Plaintiff's allegations as true, any tortious acts by Louisiana-Pacific causing chemical releases thus ceased by 1999 at the latest. Because passive chemical migration is not a continuing tort as a matter of clear Alabama law, Plaintiff's continuing tort theory cannot resuscitate Plaintiff's time-barred claims.

**B.     CERCLA § 309 Does Not Preempt Alabama Law In This Case.**

Plaintiff's reliance on CERCLA § 309 likewise fails to save Counts One, Three, Six, Seven, Eight and Nine from Alabama's two-year statute of limitations. First, Section 309 does not apply to Plaintiff's claims absent an underlying CERCLA cause of action. Second, Section 309 does not apply to product liability claims (Count Seven) in any event.

      **1.**    **Section 309 Does Not Apply Because Plaintiff Does Not (and Cannot) Assert a CERCLA Cause of Action.**

This is personal injury case. Although Plaintiff asserts no claims remotely dealing with recovery of costs for property cleanup, Plaintiff nonetheless attempts to rely on a provision in a federal environmental statute governing remediation of contaminated properties. Plaintiff's attempt fails, however, because Section 309 does not apply in the absence of a CERCLA claim.[1]

Federal courts have recognized that applying Section 309 in cases where there is no CERCLA claim (as here) "would give this section of the Act a far more expansive effect" than the rest of CERCLA. *Knox v. AC & S, Inc.*, 690 F.Supp. 752, 757 (S.D. Ind. 1988). As the Alabama Supreme Court correctly noted in *Becton v. Rhone Poulenc, Inc.*, 706 So. 2d 1134, 1137 (Ala. 1997), "[m]ost federal courts have limited the application of § [309] to situations where an underlying CERCLA claim has been made or could exist based on the presence of hazardous waste – *where there is an underlying claim dealing with, or cause of action providing for, cleanup and remedial activities*." (emphasis added). The *Becton* court further recognized that CERCLA § 309 "reflects an intent to confine its purposes to the scope of CERCLA itself." *Id.* at 1142.

---

[1] Plaintiff's reliance on *Tucker v. Southern Wood Piedmont Co.*, 28 F.3d 1089 (11th Cir. 1994) is misplaced. Unlike Plaintiff in this case, the *Tucker* plaintiff asserted a CERCLA claim for response costs in the complaint. *See* Brief for Appellant, 1993 WL 131288896, at *2. Thus, "no issue was raised in Tucker as to whether § [309] would apply in the absence of underlying CERCLA claims." *Becton,* 706 So. 2d at 1140.
    *Kowalski v. Goodyear Tire & Rubber Co.*, 841 F. Supp. 104 (W.D.N.Y.) and *Tower Asphalt, Inc. v. Determan Welding & Tank Serv., Inc.*, 530 N.W. 2d 872 (Minn. Ct. App. 1995) are similarly unavailing. As the Alabama Supreme Court noted in *Becton,* the *Kowalski* opinion flatly ignores the proper scope of CERCLA. 706 So. 2d at 1140-41. In *Tower Asphalt,* the Minnesota Court of Appeals – which this Court can take as modest guidance, at best – simply cited *Kowalski.*

4

Despite the lack of a CERCLA claim in the Complaint, Plaintiff argues that Section 309 should nonetheless apply because a CERCLA claim "could be" maintained in this case. Pl. Opp. at 10.  Even assuming that a "potential" CERCLA claim is grounds for applying Section 309, which it is not, *Plaintiff has no potential CERCLA claim.*

There are four elements to a CERCLA claim: (1) that the Site is a "facility;" (2) that there was a release or threatened release of a hazardous substance; (3) that Plaintiff <u>incurred response costs consistent with the National Contingency Plan</u>; and (4) that Defendant is a "potentially responsible party" under CERCLA. *See, e.g., Blasland, Bouck & Lee, Inc. v. City of N. Miami*, 283 F.3d 1286, 1302 (11th Cir. 2002).

Here, however, Plaintiff does not allege that Plaintiff ever undertook any property remediation.  Nor does the Complaint assert that Plaintiff otherwise incurred, or has been liable for, any CERCLA response costs whatsoever. In the absence of response costs incurred consistent with the National Contingency Plan, Plaintiff has no CERCLA cause of action against Defendants (or anyone else). *See id.; see also* 42 U.S.C. §§ 9607(a), 9613(f).

   2.   **This Court Should Not Permit Plaintiff to Rely on CERCLA § in the Absence of a CERCLA Site.**

Plaintiff's reliance on Section 309 is inappropriate for yet another reason.  Not only does Plaintiff fail to assert a CERCLA cause of action, but Plaintiff's claims lack any tangible connection to a site governed by, or subject to, CERCLA.  This Court should not allow Plaintiff to seek the benefit of a specific CERCLA provision where CERCLA does not otherwise apply.

As courts roundly recognize, the purpose of CERCLA "is the prompt cleanup of hazardous waste." *See, e.g., State of Alabama v. United States Environmental Protection*

5

*Agency*, 871 F.2d 1548, 1557-58 (11th Cir. 1989).  CERCLA therefore provides "for a national inventory of inactive hazardous waste sites and… establish[es] a program for appropriate environmental response." H.R. Rep. No. 96-1016, 96th Cong. 2d Sess. 17, 22 (1980), pp. 6119, 6124.  This comprehensive program establishes a detailed regulatory scheme known as the "national contingency plan," which controls the clean up sites within CERCLA's purview, *see generally* 40 C.F.R. Part 300, and creates "a register of [Sites] and [a] Superfund to pay for cleaning them up." H.R. Rep. No. 99-253 Part 1, 99th Cong., 1st Sess. 54 (1985).

Section 104(a) of CERCLA further authorizes the President (through his designee, the U.S. Environmental Protection Agency) to "act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to" hazardous substance releases deemed a threat to human health or the environment.  *See* 42 U.S.C. § 9604(a)(1).  The President and EPA may also direct, under Section 106(a) of CERCLA, parties responsible for CERCLA hazardous sites to take removal and/or remedial action either by securing relief in the district courts or by issuing administrative orders.  *See* 42 U.S.C. § 9606(a).  Additionally, the President is authorized to enter settlements with liable parties to perform or pay for CERCLA removal and/or remedial actions under a complex settlement scheme.  *See generally* CERCLA § 122, 42 U.S.C. § 9622.

CERCLA Section 309 must be considered within the framework of CERCLA's overall scheme.  Section 309 is not broader than CERCLA itself and should not be read, as Plaintiff would have it, in a manner divorced from the statute's other provisions.

6

Indeed, Section 309 is confined "to the scope of CERCLA itself," i.e., the cleanup of hazardous waste sites. *Becton,* 706 So. 2d at 1142.

Here, the Complaint does not assert that Plaintiff's injuries arose in connection with any site addressed under any CERCLA provision. Plaintiff does not allege that the Facility described in the Complaint has been placed on the national inventory, also known as the national priorities list ("NPL"). Nor does the Complaint allege that the Facility has been subject to any action under CERCLA Sections 104 or 106. Likewise, Plaintiff does not claim that Louisiana-Pacific has entered into any CERCLA settlement or otherwise been subject to any of the various settlement processes outlined in the statute. *See, e.g.,* 42 U.S.C. § 9622.

Simply put, Plaintiff fails to allege that *any* CERCLA-required cleanup or remedial activities have occurred at the Facility. And, as noted above, the Complaint does not allege that Plaintiff undertook any action that might have given Plaintiff a CERCLA cause of action. Under these circumstances, this Court should not permit Plaintiff to rely on Section 309.

### 3. CERCLA § 309 Does Not Apply to Product Liability Claims.

Although Section 309 does not apply to any cause of action in this case for the foregoing reasons, it clearly would not apply to Plaintiff's AEMLD claim under any circumstances.[2] Section 309 – which is intended to address chemical releases from

---

[2] The vague exposure allegations in Plaintiffs Complaint make it difficult to ascertain whether additional factors preclude application of CERCLA § 309 to some or all of Plaintiff's claims. For example, Section 309 does not apply in workplace settings; some or all of Plaintiffs claims may be barred to the extent Plaintiff's alleged injuries arose as a result of chemical exposures at the Lockhart facility. *See, e.g., Covalt v. Carey Canada, Inc.*, 860 F.2d 1434, 1439 (7th Cir. 1988).

7

facilities – does not apply to personal injuries caused by defective products. *See, e.g. Elec. Power Bd. of Chattanooga v. Westinghouse Elec. Corp.*, 716 F.Supp. 1069, 1081 (E.D.Tenn. 1988). Thus, Section 309 cannot save Plaintiff's time-barred AEMLD claim as a matter of law.[3]

### III. Plaintiff's Inadequate Negligence *Per Se* Claim Fails to State a Claim.

Count Three must be dismissed because Plaintiff fails to meet two distinct and fundamental prerequisites for asserting negligence *per se*. First, Plaintiff's Complaint fails to identify a single specific law or regulation that Defendants purportedly violated. Compl., ¶¶106, 107. Second, Plaintiff fails to show that (a) Defendants violated a statute

---

[3] Even if this Court finds that CERCLA § 309 potentially applies to any claim in this case, it still cannot preempt the accrual date of Plaintiff's claims under Alabama law because CERCLA § 309 violates both the U.S. Constitution and well-established principles of federalism. Without limitation, Louisiana-Pacific notes that Congressional power under the Commerce Clause extends only to laws regulating the channels of interstate commerce, the instrumentalities of interstate commerce, and activities that substantially effect interstate commerce. U.S. Const., Art. I,§8, cl. 3; *United States v. Lopez*, 514 U.S. 549, 559-563 (1995). Because the date that Plaintiff's common law causes of action accrued under Alabama law clearly has no bearing on interstate commerce, CERCLA § 309 is not a legitimate exercise of power under the Commerce Clause.

Also without limitation, CERCLA § 309 impermissibly "commandeer[s]" Alabama's legislative and executive functions, forcing Alabama to adopt and enforce a different commencement date for the running of Alabama's statutes of limitations. *See, e.g. Hodel v. Virginia Surface Mining & Reclamation Ass'n.*, 452 U.S. 264, at 288 (1981). This impermissibly violates the Tenth Amendment to the U.S. Constitution.

Indeed, the Alabama Supreme Court recognizes that CERCLA § 309's ability to resurrect state law claims otherwise barred by state statutes of limitation may violate well-established principles of federalism. *See, e.g., Becton v. Rhone Poulenc, Inc.*, 706 So. 2d 1134, 1142 (Ala. 1997). Louisiana-Pacific respectfully submits that the Alabama Supreme Court is correct.

In the event that this Court even needs to reach the Constitutional issues surrounding CERCLA § 309 (which it does not, given the myriad deficiencies with Plaintiffs' Complaint), Louisiana-Pacific reserves the right to submit further motions and briefing demonstrating the unconstitutionality of Section 309 as applied to Plaintiff's claims.

enacted to protect a specific class of persons, or that (b) Plaintiff belongs to that protected class. *Dickinson v. Land Dev. Constr. Co.*, 882 So. 2d 291, 302 (Ala. 2003).

### A. The Complaint Does Not Identify any Particular Statutory or Regulatory Violation.

Count Three of Plaintiff's Complaint alleges <u>only</u> that Defendant's failure to report environmental emissions violated "the laws and regulations of the State of Alabama." Compl. ¶106. Attempting to correct this pleading deficiency, Plaintiff's Opposition improperly attempts to assert new Resource Conservation and Recovery Act ("RCRA") and Alabama Hazardous Waste Management and Minimization Act ("HWMMA") violations via new allegations and exhibits outside the four corners of the Complaint. These allegations and exhibits must be ignored. *St. George*, 285 F.3d at 1337.

Plaintiff also curiously tries to rely on *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993 (11th Cir. 2004) to save Count Three. Pl. Opp. at 18. In *Parker*, the Eleventh Circuit did not address (i) negligence *per se* generally, (ii) the required elements for stating negligence *per se* under Alabama law specifically; or (iii) the HWMMA. *Id.* at 1000. In fact, the *Parker* case arose in Georgia. *Id.* at 999. *Parker* has no bearing on the pleading deficiencies requiring this Court to dismiss Count Three as a matter of Alabama law.

Moreover, the complaint in *Parker* pled six specific, independent violations of state and federal RCRA rules. *Id.* at 1010. Here, Plaintiff makes no reference to RCRA or HWMMA anywhere in the entire thirty-four pages of the Complaint. Plaintiff's reliance on *Parker* thus puts the cart squarely before the horse. Because Plaintiff's

9

generic allegations of unidentified statutory violations do not state a *prima facie* claim for negligence *per se* under Alabama law, Count Three must be dismissed.

### B. Count Three Must Be Dismissed *Even If* the Complaint Alleges RCRA and/or HWMMA Violations.

Even assuming that Plaintiff's Complaint properly identified a specific statutory or regulatory violation that potentially supports a negligence *per se* claim (which it does not), Count Three should still be dismissed. Put simply, neither the Complaint nor Plaintiff's Opposition remotely shows (i) that any allegedly violated statute was enacted to protect a specific class of persons, rather than the "general public," *Parker Bldg. Servs. Co., Inc. v. Lightsey ex rel. Lightsey*, No. 1031377, 2005 WL 1415413, at *3 (Ala. June 17, 2005), or (ii) that Plaintiff belonged to said protected class. *Dickinson*, 882 So. 2d at 302 (Ala. 2003). Absent these two essential elements, Count Three fails as a matter of law and must be dismissed.

### VI. Count Five ("Trespass") Should Be Dismissed Both For Failure to State a Claim Under Alabama Law and For Plaintiff's Failure to Oppose Defendants' Motion.

As Louisiana-Pacific's Memorandum in Support made clear, Alabama does not recognize a cause of action for the "toxic trespass" Plaintiff attempts to plead in Count Five of the Complaint. Mem. Supp. at 9-10. Moreover, Plaintiff's Opposition concedes this point by staying silent on the issue. The reasons set forth in Louisiana-Pacific's Memorandum, coupled with Plaintiff's failure to rebut them, require this Court to dismiss Count Five as unopposed. *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995); *Anderson v. Greene*, No. Civ. 05-0393-WS-M, 2005 WL 1971116, at *2-3 (S.D. Ala. Aug. 16, 2005); *Bowden* 124 F. Supp. 2d at 1236; *Yeager v. Norwest Multifamily, Inc.*, 865 F. Supp. 768, 770 (M.D. Ala. 1994).

10

### VII. Count Six Must Be Dismissed for Failure to State a *Prima Facie* Conspiracy Claim.

Plaintiff's Complaint asserts a claim for civil conspiracy under Alabama law. Alabama law plainly requires Plaintiff to allege an affirmative agreement or "meeting of the minds" between the alleged conspirators. *See, e.g. First Bank of Childersburg v. Florey*, 676 So. 2d 324, 327 (Ala. Civ. App. 1996). Plaintiff must also properly plead an underlying tort as the necessary predicate for a conspiracy claim. *Fullman v. Graddick,* 739 F.2d 553, 557 (11th Cir. 1984). Because Plaintiff fails to do either, Count Six must be dismissed.

Nothing in Plaintiff's Opposition compels a different conclusion. First, Plaintiff's Opposition asserts that Defendants conspired to violate "RCRA, CERCLA, and HWMMA." Pl. Opp. at 19. Not only does Plaintiff submit extraneous "evidence" in response to a motion to dismiss on narrow legal issues, but Plaintiff's Complaint references <u>none of these statutes</u>.[4]

Second, Plaintiff's reliance on *United States v. Hansen*, 262 F.3d 1217 (11th Cir. 2001), is misplaced. *Hansen* involved indictments by the United States Government for *criminal* violations of federal environmental law and <u>*criminal*</u> conspiracy under 18 U.S.C. § 371. *Id.* at 1231. The evidentiary requirements for proving criminal conspiracy

---

[4] Plaintiff's suggestion that there are "clear violations of RCRA, CERCLA, and HWMMA alleged in this case" is immaterial because the Complaint fails to allege specific violations of those statutes, or even identify the statutes at all. *See St. George*, 285 F.3d at 1337. Likewise, this Court should disregard Plaintiff's new assertion that each Defendant has "imputed knowledge" from correspondence with ADEM and EPA because such allegations appear nowhere in the Complaint. *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984).

under federal statutory law have nothing whatsoever to do with the requirements for pleading Alabama's common law civil tort of conspiracy.

Put simply, Plaintiff's new allegations and reliance on an opinion from a federal criminal conspiracy case cannot begin to patch the deep holes in Plaintiff's Complaint. Because the Complaint does not (i) describe any affirmative agreement between Defendants to conspire, and (ii) identify the rules, regulations, and laws that Defendants allegedly conspired to violated, Count Six must be dismissed.

### VIII. Count Seven Fails Because Plaintiff Does Not Allege the Necessary Elements for AEMLD Liability.

Plaintiff's Opposition similarly fails to remedy the multiple fatal defects in Count Seven ("Products Liability"). Because the Complaint does not allege all substantive elements for an AEMLD claim under Alabama law, Count Seven must be dismissed.

#### A. The Complaint Does Not Allege That Plaintiff Used or Consumed Firewood.

Plaintiff's discussion of *Dillard v. Pittway Corp.*, 719 So. 2d 188, 193 (Ala. 1998) misses the point entirely. In *Dillard*, the Court found that a rescuer who entered a burning home could be considered the end user or consumer of a fire detector for purposes of AEMLD liability. 719 So. 2d at 193. Nothing in Louisiana-Pacific's prior briefing remotely suggested that *Dillard* limits "the scope of AEMLD plaintiffs." Pl. Opp. at 22. For purposes of Louisiana-Pacific's Motion to Dismiss, the question of who can be an "ultimate user or consumer" under *Dillard* and related caselaw is simply not before this Court.

Instead, the relevant question is whether Alabama law requires Plaintiff to allege, in the Complaint, that Plaintiff was an ultimate user or consumer of defective firewood

allegedly sold by Defendants.  Under *Casrell, Atkins,* and related cases, the answer is clearly "yes."  *Casrell v. Altec Indus., Inc.,* 335 So.2d 128 (Ala. 1976); *Atkins v. Am. Motors. Corp.*, 335 So. 2d 134 (Ala. 1976).  Plaintiff's failure to allege this essential predicate for AEMLD liability requires dismissal of Count Seven.

> B. **The Complaint Does Not Allege that Louisiana-Pacific Was In the Business of Selling Firewood.**

Alabama law also requires Plaintiff to allege that Louisiana-Pacific was actually in the business of selling firewood. *Casrell,* 335 So. 2d at 132-33.  Rather than addressing this critical omission, Plaintiff's Opposition prematurely argues the merits of Plaintiff's AEMLD claim via affidavit testimony.  The only issue before this Court, however, is the sufficiency of Plaintiff's allegations as pled within the four corners of the Complaint.  *St. George*, 285 F.3d at 1337.  Because the Complaint does not allege that Louisiana-Pacific was in the business of selling firewood, it does not meet even the bare minimum requirements for pleading a viable AEMLD claim.

> C. **The Complaint Does Not Allege that Any "Defective" Firewood Reached Plaintiff Without a Substantial Change in Condition, Or That Louisiana-Pacific Expected It To Do So.**

Finally, Count Seven also fails to state a claim because Plaintiff does not allege that (i) defective firewood reached Plaintiff without a substantial change in condition, and (ii) that Louisiana-Pacific expected it to do so.  *Hannah v. Gregg, Bland & Berry, Inc.*, 840 So. 2d 839, 855 (Ala. 2002); *Clarke Indus., Inc. v. Home Indem. Co.*, 591 So. 2d 458, 461 (Ala. 1991).  Although both elements must be pled to state a *prima facie* AEMLD claim, Plaintiff's Complaint includes neither element.  The lengthy AEMLD overview in Plaintiff's Opposition also fails to address these deficiencies.  Count Seven should be dismissed.

### IX. Alabama Spoliation Law Cannot Apply to Plaintiff's "Spoliation" Claims Regardless of Where They Are Asserted.

Plaintiff concedes that Alabama law does not recognize an independent tort for spoliation, the cause of action Count Nine asserts. Pl. Opp. at 26. Plaintiff nonetheless attempts to incorporate the same spoliation allegations into the remaining claims in the Complaint. Pl. Opp. at 26. Simply re-incorporating these allegations elsewhere, however, does nothing to solve the fundamental problem with Plaintiff's spoliation claim.

As a matter of Alabama law, spoliation cannot create a presumption of liability unless the records are the critical or "key" evidence of a plaintiff's claims. *See Vesta Fire Ins. Corp. v. Milam & Co. Constr. Inc.*, 901 So. 2d 84, 95 (Ala. 2004); *Wal-Mart Stores, Inc. v. Goodman*, 789 So. 2d 166, 176 (Ala. 2000). Here, Plaintiff's Complaint expressly concedes that the allegedly-spoliated records are "not necessary" for proof of Plaintiff's claims. *See* Pl. Compl. at ¶143. No matter *where* Plaintiff wants to insert the spoliation claims, Plaintiff cannot raise a presumption of liability against Louisiana-Pacific in this case. This Court should dismiss Count Nine and strike Plaintiff's spoliation allegations from the Complaint, regardless of where they appear.

### CONCLUSION

For the reasons set forth above and in Louisiana-Pacific's "Memorandum of Law in Support of Its Motion to Dismiss Counts One Three, Five, Six, Seven, Eight, and Nine Or, In the Alternative, For More Definite Statement," this Court should dismiss Counts One, Three, Six, Seven, Eight and Nine because the statute of limitations period applicable to those claims has long expired. Each of these causes of action therefore fails to state a claim upon which relief may be granted. Rule 12(b)(6) further requires this

14

Court to dismiss Counts Three, Five, Six, Seven, and Nine because they each fail to state a claim under Alabama law.

Alternatively, Counts Three, Six, and Nine are so vague, incomplete, and fragmentary that Louisiana-Pacific cannot reasonably frame a response to Plaintiff's allegations. Even if these Counts are not dismissed, this Court should order Plaintiff to provide a more definite statement of Plaintiff's claims.

Finally, this Court should require Plaintiff to provide a more definite statement of the times, places, and circumstances of Plaintiff's alleged chemical exposures and the allegedly-resulting injuries.

Respectfully submitted this <u>8th</u> day of May, 2006.

/s/Dennis R. Bailey
Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R

Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

15

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>8th</u> day of May, 2006, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

H. Thomas Wells, Jr.

John A. Earnhardt

E. Bryan Nichols

<u>/s/ Dennis R. Bailey</u>
Of Counsel

ATL01/12217564v1