Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

M.C., who sues by and through
her Mother and Next of Friend,
Gail Tatum,

    Plaintiff,

  vs.              CASE NO.:  2:06cv83-WKW

LOUISIANA-PACIFIC CORPORATION,
et al.,

    Defendants.

////////////////////////////////

RICKY PHILLIPS, as
Administrator of the Estate
of Susan Phillips, deceased,

    Plaintiff,

  vs.              CASE NO.:  2:06cv84-WKW

LOUISIANA-PACIFIC CORPORATION,
et al.,

    Defendants.

////////////////////////////////

SARAH K. THOMPSON, as
Administratrix of the Estate
of Royce Thompson, deceased,

    Plaintiff,

  vs.              CASE NO.:  2:06cv85-WKW

LOUISIANA-PACIFIC CORPORATION,
et al.,

    Defendants.



EXHIBIT A

RISA L. ENTREKIN, RDR, CRR, Official Court Reporter
U.S. District Court, Middle District of Alabama    334.240.2405

a087b2d7-2b55-45db-b7fd-eb355d7ba5d1

```
 1              IN THE UNITED STATES DISTRICT COURT
 2              FOR THE MIDDLE DISTRICT OF ALABAMA
 3                         NORTHERN DIVISION
 4   LILLIAN EDWARDS, as
     Administratrix of the Estate
 5   of Marvin Mays, deceased,
 6            Plaintiff,
 7         vs.                        CASE NO.:  2:06cv86-WKW
 8   LOUISIANA-PACIFIC CORPORATION,
     et al.,
 9
              Defendants.
10
     /////////////////////////////////
11
     JANICE MADDEN, as
12   Administratrix of the Estate
     of James Madden, deceased,
13
              Plaintiff,
14
           vs.                        CASE NO.:  2:06cv186-WKW
15
     LOUISIANA-PACIFIC CORPORATION,
16   et al.,
17            Defendants.
18   /////////////////////////////////
19   SHERRI L. DAVIS,
20            Plaintiff,
21         vs.                        CASE NO.:  2:06cv187-WKW
22   LOUISIANA-PACIFIC CORPORATION,
     et al.,
23
              Defendants.
24
25
```

```
 1              IN THE UNITED STATES DISTRICT COURT
 2              FOR THE MIDDLE DISTRICT OF ALABAMA
 3                         NORTHERN DIVISION
 4    THOMAS DOUGLAS, as
      Administrator of the Estate of
 5    Sebera Gayle Douglas, deceased,
 6              Plaintiff,
 7         vs.                         CASE NO.:   2:06cv188-WKW
 8    LOUISIANA-PACIFIC CORPORATION,
      et al.,
 9
                Defendants.
10
      ////////////////////////////////
11
      LORRINE THOMPSON, as
12    Administratrix of the Estate
      of Jerry Thompson, deceased,
13
                Plaintiff,
14
           vs.                         CASE NO.:   2:06cv189-WKW
15
      LOUISIANA-PACIFIC CORPORATION,
16    et al.,
17              Defendants.
18    ////////////////////////////////
19    STANTON KELLEY, as
      Administrator of the Estate
20    of William Kelley, deceased,
21              Plaintiff,
22         vs.                         CASE NO.:   2:06cv190-WKW
23    LOUISIANA-PACIFIC CORPORATION,
      et al.,
24
                Defendants.
25
```

M.C. v. Louisiana-Pacific Corporation, et al.    2:06cv83-WKW                     5/23/2006

Page 4

```
1                IN THE UNITED STATES DISTRICT COURT
2                FOR THE MIDDLE DISTRICT OF ALABAMA
3                           NORTHERN DIVISION
4    GINGER CRAVEY, as
     Administratrix of the Estate
5    of Riley Cravey, deceased,
6             Plaintiff,
7        vs.                          CASE NO.: 2:06cv191-WKW
8    LOUISIANA-PACIFIC CORPORATION,
     et al.,
9
              Defendants.
10
11
12                     * * * * * * * * * *
13                       STATUS CONFERENCE
14                     * * * * * * * * * *
15        BEFORE THE HONORABLE W. KEITH WATKINS, UNITED STATES
16   DISTRICT JUDGE, at Montgomery, Alabama, on Tuesday, May 23,
17   2006, commencing at 4:02 p.m.
18   APPEARANCES:
19   FOR THE PLAINTIFFS:    Mr. Robert Leslie Palmer
                            Mr. Gregory Andrews Cade
20                          Attorneys at Law
                            ENVIRONMENTAL LITIGATION GROUP, PC
21                          3529 7th Avenue South
                            Birmingham, Alabama   35222
22
                            Mr. William Eason Mitchell
23                          Attorney at Law
                            THE COLOM LAW FIRM
24                          P.O. Box 866
                            Columbus, Mississippi   39703
25
```

RISA L. ENTREKIN, RDR, CRR, Official Court Reporter
U.S. District Court, Middle District of Alabama   334.240.2405

a087b2d7-2b55-45db-b7fd-eb355d7ba5d1

```
 1    APPEARANCES, Continued:
 2    FOR THE DEFENDANTS:        Mr. John C. Berghoff, Jr.
                                 Attorney at Law
 3                               MAYER, BROWN, ROWE & MAW, LLP
                                 71 South Wacker Drive
 4                               Chicago, Illinois   60606-4637

 5                               Mr. H. Thomas Wells, Jr.
                                 Attorney at Law
 6                               MAYNARD, COOPER & GALE, PC
                                 1901 Sixth Avenue North
 7                               2400 AmSouth/Harbert Plaza
                                 Birmingham, Alabama   35203-2618
 8
                                 Mr. Bernard Taylor
 9                               Mr. Orlyn O. Lockard, III
                                 Mr. Douglas S. Arnold
10                               Attorneys at Law
                                 ALSTON & BIRD, LLP
11                               One Atlantic Center
                                 1201 West Peachtree Street
12                               Atlanta, Georgia   30309-3424

13                               Mr. Dennis R. Bailey
                                 Attorney at Law
14                               RUSHTON, STAKELY, JOHNSTON & GARRETT
                                 184 Commerce Street
15                               Montgomery, Alabama   36104

16    ALSO PRESENT:              Mr. James Faulkner
                                 General Counsel, PACTIV Corporation
17
                                 Ms. Laura E. Proctor
18                               In-house Counsel
                                 Louisiana-Pacific Corporation
19
                   Proceedings reported stenographically;
20                    transcript produced by computer.

21
                          *  *  *  *  *  *  *  *  *  *
22

23

24

25
```

M.C. v. Louisiana-Pacific Corporation, et al.    2:06cv83-WKW                          5/23/2006

Page 31

1  nightmare.

2         THE COURT: Well, while you're up there, let's move on
3  to the next motion. And you asked for early -- well, early
4  meeting to plan the discovery. And you've alleged in your
5  motion -- you didn't ask to take any depositions to preserve
6  testimony, but you've alleged that parties are passing away.
7  And you've already said today that the plaintiff in case number
8  83 is now deceased. Would -- I'm assuming that the witnesses --
9  that the expert witnesses, at least, and the former employees,
10 probably, will all be the same -- who are going to testify on
11 your side of the case will all be the same in all of the cases;
12 is that correct?

13        MR. MITCHELL: Yes, sir.

14        THE COURT: So I do intend to consolidate these cases
15 for discovery only, and I'll tell you about that in a minute.
16 But I'm trying to get the timing in my mind. When I enter this
17 ruling on the motions to dismiss and for more definite
18 statement, is that going to clear you up to file the rest of
19 your cases?

20        MR. MITCHELL: Yes, sir. That clears me up. And
21 Judge, we did -- I asked learned counsel about taking the
22 deposition of Melanie before her death, and the answer was we'll
23 get back to you Wednesday. Thursday morning, we agreed to
24 schedule it, and I found out she had died the night before.
25 Our -- we don't know who's going to die next or which one it's

M.C. v. Louisiana-Pacific Corporation, et al.    2:06cv83-WKW                                    5/23/2006

Page 32

1   going to be.  I can't tell you that someone -- it happens so
2   fast.  I don't know how to deal with it.  But we know that there
3   is -- we'd like to depose the sickest people.
4           THE COURT:  How many are you talking about?
5           MR. MITCHELL:  Less than ten.  And some of these
6   chemicals also cause cognitive defects and cognitive
7   deficiencies, like an early onset of Alzheimer's and
8   forgetfulness.  And some of the ex-employees who are not old
9   enough to have Alzheimer's are showing the symptoms, and we
10  don't know how fast they're going to go downhill.  We'd like to
11  get a few of the key witnesses who are starting to show
12  cognitive deficiencies which are consistent with this chemical
13  exposure -- we'd like to get them tied down.
14          THE COURT:  Is that in the ten or is that ten
15  additional or is that --
16          MR. MITCHELL:  I think we can put that in the ten.
17          THE COURT:  So you're representing to the Court that it
18  might be helpful to you to preserve the testimony of ten
19  witnesses.
20          MR. MITCHELL:  Yes, sir.
21          THE COURT:  All right.  Let me get some responses from
22  defendant.
23          Mr. Taylor, would you -- Mr. Berghoff?
24          MR. TAYLOR:  Your Honor, I think --
25          THE COURT:  There's room for both of you.

1    MR. TAYLOR: -- we'll both walk up together on this.
2    You know, obviously, generally, we want to -- we want to
3    cooperate and we want to help the plaintiffs with this very
4    serious and obviously sensitive issue. Before, however, we
5    would be tasked to go and take these depositions, I think we'd
6    want to do some preliminary work to see maybe some medical work
7    just to see what's really going on there to see if, indeed, the
8    medical evidence supports the fact these folks are imminently
9    about to pass away.
10    THE COURT: Well, Mr. Taylor, I saw a representation
11    probably in the plaintiffs' brief that there have been a
12    truckload of medical documents already submitted.
13    I will ask you, Mr. Mitchell, have -- do the defendants
14    have medical records on these ten folks you say you need to
15    depose?
16    MR. MITCHELL: Some of the -- a few of the people would
17    be the ex-employees, and they would not have medical records on
18    those.
19    THE COURT: Do you have the records on those?
20    MR. MITCHELL: I do not. They're -- the ex-employees
21    are not plaintiffs, and these are not injured people. These are
22    witnesses.
23    THE COURT: How do you propose the defendants get a
24    fair shot of taking someone's deposition where they don't have
25    their medical records or other records available and have not

1  had the benefit of interrogatory answers and requests for
2  admissions and so forth?
3          MR. MITCHELL:  First of all, it's just like any other
4  witness.  The -- now, on the plaintiffs, we -- either they have
5  the medical records -- I believe they have the medical records
6  on all the plaintiffs.  There are five live plaintiffs, and I
7  think you've got -- they've got medical records on all of them.
8  Judge, we'll also agree that if the parties are alive later,
9  they can come back and depose them again.  We'd agree to put
10 them up a second time.  But just in fairness, people are getting
11 forgetful, and they are unexpectedly coming down, relapsing, and
12 dying.
13         THE COURT:  Okay.  Thank you, Mr. Mitchell.
14         Mr. Taylor, go ahead.  Or are you finished?
15         MR. TAYLOR:  I think I'm finished on that point, Your
16 Honor.
17         THE COURT:  Okay.  Mr. Berghoff?
18         MR. BERGHOFF:  No, I think we are -- Your Honor, we're
19 in agreement with what Mr. Taylor has said.
20         THE COURT:  All right.  So when you talk about
21 background work, besides medical, is there any other?
22         MR. TAYLOR:  Well, not knowing who the plaintiffs are,
23 yes.  I would think at this point, based upon the reason that we
24 would be taking the depositions, that it would be primarily
25 medical stuff that we would need to get our arms around first.